NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URBANO DE LEON GOMEZ, | No. 21-1061 |
| Petitioner, | Agency No. A097-311-870 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2023**
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Urbano de Leon Gomez petitions for review of a Board of Immigration

Appeals ("BIA") affirmance of an oral decision by an immigration judge ("IJ")

denying his application for withholding of removal and granting voluntary

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

departure to Guatemala with an alternative order of deportation. The agency found that de Leon Gomez met all eligibility requirements for withholding of removal save one: membership in a cognizable particular social group ("PSG"). De Leon Gomez challenges the agency's denial of withholding of removal, arguing that the agency failed to engage in the required particularized analysis of his proposed PSG; and that substantial evidence shows that he was persecuted based on his membership in a cognizable PSG.[1] We have jurisdiction under 8 U.S.C. § 1252. We grant de Leon Gomez's petition for review, vacate the agency's determination, and remand for further proceedings consistent with this disposition.

When one member of the BIA streamlines a case, "[t]he IJ's decision becomes the final agency action." *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). In such circumstances, "we evaluate the IJ's decision as we would that of the [BIA]." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). When it streamlines a case, the BIA "pays for the opacity of its decision by taking on the risk of reversal in declining to articulate a different or alternate basis for the decision should the reasoning proffered by the IJ prove faulty." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 786 (9th Cir. 2004) (cleaned up).

---

[1] De Leon Gomez also challenges the agency's denial of relief under the Convention Against Torture, but the issue is unexhausted because he failed to raise it before the BIA and the government timely raised the failure to exhaust. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

We review the BIA's determination that an applicant is ineligible for "withholding of removal under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Whether a proposed particular social group is cognizable is reviewed *de novo*. *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021). The underlying factual findings, including determinations of social distinction, are reviewed for substantial evidence. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). "Substantial evidence means the [BIA]'s holding is supported by 'reasonable, substantial, and probative evidence on the record.'" *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006)). While the substantial evidence "standard is deferential, 'deference does not mean blindness.'" *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (quoting *Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014)).

Evidence presented by de Leon Gomez may very well compel the conclusion that his past persecution occurred due to his membership in a cognizable PSG. A cognizable PSG is a group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237

3                                                              21-1061

(BIA 2014)).  Witnesses to gang murders can be members of a cognizable PSG. *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) ("[T]he BIA misapplied its own precedent in holding that witnesses who testify against gang members may not constitute a particular social group due to lack of social visibility.").  The government concedes that the IJ "did not explicitly state her rationale in reaching her cognizability determination with regard to" de Leon Gomez's proposed PSG.  The agency erred in not applying *M-E-V-G-*'s three-prong test to de Leon Gomez's specific circumstances.  *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020); *see also Akosung*, 970 F.3d at 1103–04.

By failing to engage in the three-prong analysis, the agency overlooked facts that may establish cognizability.  Here, de Leon Gomez was not a mere witness to a gang murder.  He was also someone who (1) had publicly rejected joining a gang; (2) had spoken to police who arrived on the scene to investigate the murder which he had witnessed; and (3) months later was publicly identified and attacked by a gang mob for having witnessed the murder and refused to join the gang.  That de Leon Gomez was identified in public months later as the murder victim's friend and a witness to the murder is particularly relevant to finding that his proposed PSG is socially distinct.  Moreover, the leader of the gang mob that assaulted de Leon Gomez said that de Leon Gomez would be a good candidate to join the gang.  Although the IJ was aware that de Leon Gomez had also refused to join the gang,

she did not discuss this fact as part of her analysis of the potential PSG.

**GRANTED, VACATED, AND REMANDED.**